

SEALED

FILED
June 5, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____RR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No: SA:24-CR-00270-OLG

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ABRAHAM TERRAZAS<br><br>Defendant | **INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 933<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2:** 18 U.S.C. § 932<br>Conspiracy to Straw Purchase Firearms<br><br>**COUNT 3:** 18 U.S.C. § 371, 554(a)<br>Conspiracy to Smuggle Goods from the United States<br><br>**COUNT 4:** 18 U.S.C. § 922(a)(1)(A)<br>Dealing in Firearms Without a License<br><br>**COUNT 5:** 18 U.S.C. § 922(a)(6)<br>Falsifying Information When Buying Firearms |

THE GRAND JURY CHARGES:

**COUNT ONE**
**Conspiracy to Traffic Firearms**
**[18 U.S.C. § 933(a)]**

1.      From on or about August 27, 2022, and continuing up until on or about April 6, 2024, in the Western and Southern Districts of Texas, and the Republic of Mexico, Defendant,

**ABRAHAM TERRAZAS**

and others, did knowingly conspire to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, including, but not limited to, .22 and .38 caliber handguns, to another person, in or otherwise affecting commerce, knowing or having reasonable cause to

believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit, Conspiracy to Smuggle Goods from the United States and Conspiracy to Straw Purchase Firearms, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT TWO
### Conspiracy to Straw Purchase Firearms
### [18 U.S.C. § 932]

2.	From on or about August 27, 2022, to on or about April 6, 2024, in the Western District of Texas, and the Republic of Mexico, Defendant,

### ABRAHAM TERRAZAS

and others, did knowingly conspire to purchase a firearm in and affecting interstate and foreign commerce, including, but not limited to, .22 and .38 caliber pistols, for, on behalf of, and at the request and demand of any other person, knowing and having reasonable cause to believe that such other person met the criteria of 1 or more paragraphs of 18 U.S.C Section 922(d), and intended to use, carry, possess, sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Conspiracy to Smuggle Goods from the United States and Conspiracy to Traffic Firearms all in violation of Title 18, United States Code, Section 932.

## COUNT THREE
### Conspiracy to Smuggle Goods from the United States
### [18 U.S.C. § 371, 554(a)]

3.	From on or about August 27, 2022, to on or about April 6, 2024, in the Western District of Texas, Defendant,

### ABRAHAM TERRAZAS

and others, knowingly and willfully conspired and agreed together to commit offenses against the

2

United States, that is, they knowingly exported and sent firearms, including, but not limited to, .22 and .38 caliber pistols, from the United States, and received, concealed, bought, and facilitated the transportation of these firearms prior to exportation, knowing they were intended for exportation contrary to any law or regulation of the United States, to wit, Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, in that Defendants knew they did not have a license or written authorization for such exports, in violation of Title 18, United States Code, Section 554(a).

## MANNER AND MEANS

The conspiracy was carried out through the following manner and means, among others:

4.  From approximately August 2022 until April 2024, TERRAZAS purchased approximately 25 small caliber handguns, namely .22 and .38 caliber pistols, and illegally provide them to Mexican citizens who resided in Mexico.

5.  TERRAZAS would purchase the firearms from licensed dealers in San Antonio, Texas, drive them over the border into Mexico via Laredo or Eagle Pass, and supply them to Mexican citizens for an amount greater than he paid to the licensed dealer.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish its objects, Defendant committed, among others, the overt acts listed below, in the Western and Southern Districts of Texas, and the Republic of Mexico:

6.  On or about December 2, 2022, Defendant purchased two .22 caliber pistols from a licensed dealer of firearms in San Antonio, Texas. Defendant later smuggled these two firearms into Mexico.

7.  On or about February 28, 2023, Defendant purchased three firearms - two .38 caliber pistols

and one .22 caliber pistol from a licensed dealer of firearms in San Antonio, Texas. Defendant later smuggled these three firearms into Mexico.

8. On or about May 31, 2023, Defendant purchased two firearms – one .22 caliber pistol and one .38 caliber pistol from a licensed dealer of firearms in San Antonio, Texas. Defendant later smuggled these two firearms to Mexico.

9. On or about August 16 and 18, 2023, Defendant purchased a total of five firearms – three .22 caliber pistols and two .38 caliber pistols from two separate licensed dealers of firearms in San Antonio, Texas. Defendant later smuggled four of those five pistols to Mexico.

10. On or about October 6, 2023, Defendant purchased a total of five firearms – three .22 caliber pistols and two .38 caliber pistols from a licensed dealer of firearms in San Antonio, Texas. Defendant later smuggled those five pistols to Mexico.

All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR
### Dealing in Firearms Without a License
### [18 U.S.C. § 922(a)(1)(A)]

11. From on or about August 27, 2022, to on or about April 6, 2024, in the Western District of Texas, Defendant,

**ABRAHAM TERRAZAS**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

**COUNT FIVE**
**Falsifying Information When Buying Firearms**
**[18 U.S.C. § 922(a)(6)]**

12. On or about February 28, 2023, in the Western District of Texas, Defendant,

**ABRAHAM TERRAZAS**

in connection with the acquisition of a firearm, to wit, a Bersa Thunder 380, a .38 caliber handgun, bearing serial number L22853, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that ABRAHAM TERRAZAS executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Firearm Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 933(a) and 932, subject to forfeiture pursuant to**
**Title 18 U.S.C. § 934(a)(1)(A) and (B)]**

As a result of the criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
> **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--

(A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
(B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

## II.
## Smuggling Violation and Forfeiture Statutes
[Title 18 U.S.C. § 554(a), subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Three, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C), and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states:

**Title 18 U.S.C. § 981. Civil forfeiture**

(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The offense of smuggling goods from the United States is an offense constituting "specified unlawful activity " as defined in Title 18 U.S.C. § 1956(c)(7).

**Title 19 U.S.C. § 1595a. Aiding unlawful importation**
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

**Title 28 U.S.C. § 2461.**

(c) If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government

may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

### III.
### Firearms Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 922(a)(1)(A), and (a)(6), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Four and Five, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 924. Penalties**

**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . or knowing violation of 924 . . . shall be subject to seizure and forfeiture. . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the following property:

### IV.
### Property

1. Century Arms International; Model: RAS47; Caliber: 762; Type: Rifle; serial number RAS47075896;
2. Maverick Arms; Model: 88; Caliber: 12; Type: Shotgun; serial number MV0155928;
3. Smith & Wesson; Model: M&P 15-22; Caliber: 22; Type: Rifle; serial number DFA6506;
4. HS Produkt(IM Metal); Model: Hellcat; Caliber: 9; Type: Pistol; serial number BB149118;
5. Smith and Wesson Model: CSX; Caliber: 9; Type: Pistol; serial number SEA8270;
6. Keltec, CNC Industries, INC.; Model: PMR-30; Caliber: 22; Type: Pistol; serial number WYP809;
7. Sig Sauer; Model: P322; Caliber: 22; Type: Pistol; serial number 73A121636;
8. Walther; Model: CCP M2; Caliber: 380; Type: Pistol; serial number WM029448;
9. Ruger; Model: Ruger-57; Caliber: 57; Type: Pistol; serial number 643-85594;
10. Browning; Model: Black Model 1911-22; Caliber: 22; Type: Pistol; S/N: 51eyy51751;
11. Bersa; Model: Thunder 380; Caliber .38; Type Pistol; serial number L22853; and

12. Any and all firearms, ammunition, machinegun conversion devices, and/or accessories involved in or used in the commission of the criminal offenses.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
For ALICIA MCNAB
Assistant United States Attorney